IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

OMAR S. FOLK,       :  Civil No. 3:18-cv-1948
            :
    Petitioner     :  (Judge Mariani)
            :
   v.         :
            :
PAUL GIBSON, ACTING WARDEN,[1] :
            :
    Respondent   :

## MEMORANDUM

Presently before the Court is a petition for writ of habeas corpus pursuant to 28

U.S.C. § 2241 (Doc. 1), filed by Petitioner Omar Folk ("Folk"), an inmate in the custody of

the Federal Bureau of Prisons ("BOP"), housed at the Federal Correctional Institution,

Allenwood-Medium, in White Deer, Pennsylvania ("FCI-Allenwood").  Folk challenges the

deduction of funds from his inmate account for a court imposed fine by the BOP pursuant to

the Inmate Financial Responsibility Program ("IFRP").  The petition is ripe for disposition

and, for the reasons that follow, will be denied.

I. Background

On September 26, 2013, the late William W. Caldwell, United States District Judge

for the Middle District of Pennsylvania, entered judgment and sentenced Folk to a 264-

---

[1] Pursuant to 28 U.S.C. § 2243, the proper respondent in a habeas action is "the person having custody of the person detained."  Therefore, the Clerk of Court will be directed to substitute Paul Gibson, Acting Warden of FCI-Allenwood, as the Respondent in this action.

month term of imprisonment upon his conviction of distribution and possession with intent to

deliver cocaine, being a felon in possession of a firearm, and possession of a firearm during

and in relation to a drug trafficking offense. (Doc. 17-1, pp. 7-13, Judgment and

Commitment Order). Folk was ordered to pay a $300.00 assessment fee and a $3,000.00

fine, with a lump sum payment of $300.00 due immediately. (*Id.* at pp. 6-7). On March 5,

2018, an Amended Judgment was entered, sentencing Folk to a 264-month term of

imprisonment, and ordering him to pay a $300.00 assessment fee and a $1,500.00 fine,

with a lump sum payment of $300.00 due immediately. (*Id.* at pp. 14-20, Amended

Judgment and Commitment Order). The Judgment and Commitment Orders also directed

that the balance be paid as follows:

> During the term of imprisonment, the fine is payable every three months in an
> amount, after a telephone allowance, equal to 50 percent of the funds
> deposited into the defendant's inmate trust fund account. In the event the fine
> is not paid in full prior to the commencement of supervised release, the
> defendant shall, as a condition of supervised release, satisfy the amount due
> in monthly installments of no less than $100.00, to commence thirty (30) days
> after release from confinement.

(*Id.* at pp. 7, 20).

Folk also agreed to participate in the Inmate Financial Responsibility Program. (*Id.*

at pp. 21-22, 24-29). In accordance with the Judgment and Commitment Orders and the

IFRP, a BOP Case Manager individually assessed Folk's financial ability to pay off his fine,

including considering his regular inmate account deposits. (*Id.* at pp. 21-29, Folk's Inmate

Financial Plans and Account Deposits).

2

## II.    Discussion

Folk's habeas petition is a challenge to the BOP's execution of his sentence and

thus is properly brought pursuant to § 2241.  *See McGee v. Martinez*, 627 F.3d 933, 936-37

(3d Cir. 2010).  The Inmate Financial Responsibility Program, 28 C.F.R. §§ 545.10 and

545.11, is a voluntary work program instituted by the BOP and intended to encourage "each

sentenced inmate to meet his or her legitimate financial obligations."  28 C.F.R. § 545.10.

Among those "legitimate financial obligations" are the payment of "[c]ourt-ordered

restitution" and "[f]ines and court costs."  28 C.F.R. § 545.11(a).

When an inmate arrives at an institution, a unit team assesses the inmate's

obligations and prepares a financial plan.  28 C.F.R. § 545.10-545.11(b).  Under the

financial plan, the inmate may then make payments from outside resources and from funds

acquired at the institution.  28 C.F.R. § 545.11(b).  The payments are determined with

reference to, among other things, monthly pay from the inmate's work assignments.  *Id.*  In

developing an inmate's financial plan, the unit team considers the funds in an inmate's trust

fund account, and income from any UNICOR employment or from non-UNICOR work

assignments.  *See* 28 C.F.R. § 545.11(b).  "Ordinarily, the minimum payment for non-

UNICOR and UNICOR grade 5 inmates will be $25.00 per quarter.  This minimum payment

may exceed $25.00, taking into consideration the inmate's specific obligations, institution

resources, and community resources."  28 C.F.R. § 545.11(b)(1).  "Inmates assigned

grades 1 through 4 in UNICOR ordinarily will be expected to allot not less than 50% of their

3

monthly pay to the payment process.  Any allotment which is less than the 50% minimum

must be approved by the Unit Manager.  Allotments may also exceed the 50% minimum

after considering the individual's specific obligations and resources."  28 C.F.R. §

545.11(b)(2).

Inmates are free to decline to participate in the IFRP, but the failure either to

participate or to comply with a financial plan carries consequences, such as limitations on

furloughs, pay, work detail, commissary spending, housing status, and placement in

community-based programs.  See 28 U.S.C. § 545.11(d).  Inmates are given IFRP

assignments that reflect their IFRP status, and include categories such as "unassigned," for

when an inmate is first committed to federal custody; "no obligation," for when an inmate

does not have a financial obligation; "participates in program," for when an inmate agrees to

make payments under the IFRP; "refuses to participate in program," when an inmate

refuses to participate in the IFRP; "temporarily exempt from participation," for when an

inmate is unable to participate, typically due to medical reasons; and "completed the

program," for when an incarcerated inmate has totally satisfied all of his ordered financial

obligations before his release from prison.  See BOP Program Statement No. P5380.08

(August 15, 2005) at pp. 14-16, available at

https://www.bop.gov/policy/progstat/5380_008.pdf (last visited April 29, 2002).

Here, Folk's claims concern a fine that was assessed and ordered to be paid in

accordance with the IFRP and the Judgment and Commitment Orders.  He asserts that he

qualified for IFRP temporary exempt status due to a medical issue.  Program Statement

5380.08(e), Temporary Exempt Status, provides:

> "Exempt TMP."  "Temporarily Exempt from Participation" will be entered for
> an inmate who is unable to participate adequately toward satisfaction of the
> obligation, ordinarily because of medical or psychological restrictions which
> prevent the inmate from working.  This assignment is at the Unit Team's
> discretion and may also be used for an inmate who is unable to secure
> employment in UNICOR or advance beyond maintenance pay due to
> conditions beyond the inmate's control (overcrowding, institution need, limited
> financial resources, special circumstances, etc.).

See BOP Program Statement No. P5380.08(e).

The BOP was not precluded from setting a schedule for payment of the fine pursuant

to the IFRP and properly determined that Folk must pay off his fine in accordance with the

IFRP and the Judgment and Commitment Orders.  Additionally, a Case Manager

individually assessed Folk's financial ability to pay off his fine in accordance with the IFRP

and the Judgment and Commitment Orders.  The BOP acted within its discretion under

Bureau Policy in not placing Folk into temporary exempt status due to his resources.  As

federal statutes do not prohibit the BOP from setting a payment schedule for payment of a

court imposed fine, the Court will deny the habeas petition.

## III.    Conclusion

Based on the foregoing, the petition for writ of habeas corpus pursuant to 28 U.S.C.

§ 2241 will be denied.  A separate Order shall issue.

Robert D. Mariani_
United States District Judge

Dated: April _____, 2022